Solano-Sanchez v. Sessions
BIA
Kolbe, IJ
A202 075 479/480/481/490

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand eighteen.

PRESENT:
>        DENNIS JACOBS,
>        RAYMOND J. LOHIER, JR.,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*

_____

ERIKA MARISOL SOLANO-SANCHEZ,
JAQUELINE ARIANA CARDOZA-SOLANO,
MANUEL ALEXANDER VALENCIA-
SOLANO, MANUEL ENRIQUE VALENCIA
DURAN,

>        *Petitioners,*

>        v.                                          17-2071
>                                                    NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

>        *Respondent.*

_____

FOR PETITIONERS:     S. Michael Musa-Obregon, White Plains, NY.

FOR RESPONDENT:     Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Erika Marisol Solano-Sanchez, Jaqueline Ariana Cardoza-Solano, Manuel Alexander Valencia-Solano, and Manuel Enrique Valencia Duran, natives and citizens of El Salvador, seek review of a June 12, 2017, decision of the BIA affirming a December 8, 2016, decision of an Immigration Judge ("IJ") denying Solano-Sanchez's and Duran's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Erika Marisol Solano-Sanchez, Jaqueline Ariana Cardoza-Solano, Manuel Alexander Valencia-Solano, Manuel Enrique Valencia Duran,*

---

[1] Solano-Sanchez and Duran's minor children, Cardoza-Solano and Valencia-Solano, were included on their applications as derivative beneficiaries.

2

Nos. A202 075 479/480/481/490 (B.I.A. June 12, 2017), *aff'g* Nos. A202 075 479/480/481/490 (Immig. Ct. N.Y. City Dec. 8, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency decision. *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For the reasons that follow, we conclude that the agency did not err in denying Solano-Sanchez's and Duran's applications for asylum and withholding of removal.[2]

In order to establish eligibility for asylum and withholding of removal based on membership in a particular social group, an applicant must establish both that the group is legally cognizable, *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007), and that the applicant has suffered past persecution or has demonstrated a well-founded fear or likelihood of future persecution on account of her membership in that group, *see Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). To demonstrate the requisite nexus, an

---

[2] They do not raise a CAT claim in their brief.

3

applicant's status as a member of a particular social group must be "one central reason" for the persecution. *Id.* at 103; *see also* 8 U.S.C. § 1158(b)(1)(B)(i).

The agency reasonably concluded that Solano-Sanchez and Duran failed to establish that their membership in a particular social group comprised of "small business owners in El Salvador who attempted to assist the police" was a central reason for the harm they suffered and feared. The agency's determination that Solano-Sanchez and Duran were targeted for extortion based on their perceived ability to pay, and not because they owned a small business and attempted to assist the police, is supported by the record. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). As the IJ observed, Solano-Sanchez and Duran were targeted *before* filing their police report, and there was no evidence in the record that the gang was aware of their report or sought to harm them because of it. Moreover, when asked why they were targeted for extortion, Solano-Sanchez testified that she was perceived to have money because of her business, and Duran testified it was because that is how gangs operate.

4

Because their attempt to cooperate with the police postdated the extortion, and there was no evidence that the gang was aware of their cooperation or harbored animus to small business owners in general, the agency reasonably found that there was no nexus to a protected ground. *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . [R]ecord support for a contrary inference—even one more plausible or more natural—does not suggest error." (internal quotation marks omitted)); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (observing that "general crime conditions are not a stated ground" for asylum or withholding of removal).

Because the agency reasonably determined that Solano-Sanchez and Duran failed to demonstrate the requisite nexus, we decline to reach the agency's alternative determination that their alleged group was not cognizable. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is

**DENIED.**

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

</div>